Good morning, Dallas Sacker on behalf of the appellant Mark Crawford. I know it's been a very long morning for the court with difficult and technical cases. So I'm going to attempt to be very efficient and user friendly because I actually think this is a simple and easy case for the court to decide. I think really the only contested issue here is prejudice. The government's conceded, at least with respect to Brady, that the prosecutor erred by failing to turn over the evidence that they had arrested Mr. Harrah, prosecuted Mr. Harrah for the possession of methamphetamine on another occasion, that that evidence would have been admissible trial under California law. With respect to the claim of ineffective assistance at counsel, this Court has given, I think, a very common-sense test. How do we determine if there's prejudice? In Murdashaw v. Woodford. This Court's done. It doesn't matter. I understand the epistandard, but what I'm talking about is with respect to the claim of ineffective assistance at counsel, Murdashaw says you compare the two. Well, you know, if you want to rely on it, that's fine. The point is it doesn't matter what we've said. The only thing that matters is what the United States Supreme Court has held. I understand. But you can't advance the ballgame to cite irrelevant authority. I understand your point, Your Honor. But let me get to the facts. I mean, you can make the same point without citing the case. That's to argue the rationality you want to. But the point is it doesn't we can't rely on our own authority. That's all. I understand, Your Honor. You're correct. Let me get to the facts of this case. At trial, the prosecutor stood in front of the jury and said, you have no evidence that Mr. Harrah had these drugs. You have no evidence that Mr. Harrah was even in this house. We know from the record now there is plenty of evidence that Mr. Harrah resided in this house. He possessed the duffel bag where the drugs were found. We have a witness who the defense could have called who would have said there was methamphetamine in the duffel bag. So we know that the representation that the prosecutor made to the jury is simply not correct. Okay. All of which comes down to, doesn't it, whether theory that was also argued by the prosecutor and instructed on constructive possession means there was no prejudice. Let me tell you why there is prejudice. In that duffel bag, the police found a metal box. They found a scale. They found cut to be used to make the methamphetamine salable. And they found baggies. What does that evidence tell us in combination with the evidence that Mr. Harrah, in fact, was living in these premises? It tells us that Mr. Harrah, in possession of this duffel bag, is dealing these drugs. According to the government, Mr. Crawford otherwise possessed a scale, cut, and baggies. The natural question is, if Mr. Crawford otherwise possesses those items within his toolbox in his kitchen, why would he have the exact same set of items in a duffel bag? Well, there are lots of reasons that occur to me why he would, but never mind that. It's irrelevant, too, I would think. The real question is, why was he prejudiced by what everybody assumes was error? He was prejudiced because the defense theory of the case is that these drugs were possessed by Mr. Harrah. The jury heard no evidence that these drugs were possessed by Mr. Harrah, but his house. I mean, they were in his place, and nobody suggests otherwise. There's no evidence that he didn't know that duffel bag was there. Even if all the evidence had come in about Harrah living in the house and whatever, it still doesn't take away the key point that that bag was in his house. He was associated, he meaning Crawford, was associated every which way from Sunday with drugs. So that's all, in effect, undisputed. So I'm just trying to get you to focus on your perspective. Mr. Crawford is not his brother's keeper. Isn't it what? I'm sorry. Mr. Crawford is not his brother's keeper. In other words, the mere fact that Mr. Harrah is residing in the house and possesses drugs does not mean that Mr. Crawford is in constructive possession of those drugs. It's simply not California law. If you would look in our book. Well, again, it doesn't matter what California law is. The question is, was the California court of appeals decision contrary to clearly it says, in effect, no harm, no foul, but cause constructive possession. Was argued, instructed, and could support. The point I'm trying to make is California law does inform this question. You first have to know what the elements of the offense are under State law in order to determine if they're prejudiced. The point I am making is the mere fact that drugs are found within someone's house does not mean under California law that they are in constructive possession of those drugs. In the case I cite for you, this is found in my reply brief at page 10. People v. Monson was a case where drugs were found in a closet. That's never appealed. I mean, nobody, you could have, I mean, presumably that could have been appealed. I'm sorry. It's insufficient to support the verdict on a constructive possession theory. We're not claiming the evidence is insufficient, Your Honor. No, I understand that. So the evidence could support constructive possession. The evidence could support constructive possession, but that does not mean that the defendant had a fair trial. When his attorney presented the defense, this third party possessed the drugs and then omitted to present the very persuasive evidence that was at his disposal to show that this other person had the drugs. Combined, of course, with the fact that the government conceals that the person they claim, oh, jury, don't believe that he had the drugs. In fact, they prosecute this very same man for possessing one of the same drugs. Further, if we look at the Brady material, Mr. Harrah had multiple bags. The evidence in the record is somewhat confused. The police report says when he was arrested he had two baggies. If you look at excerpt of record page 18, the lab report says he had three baggies. I don't know if it's particularly material two or three, but the point is that doesn't look like he's merely possessing the drug. It looks like he's a salesman. If he's merely using it for himself, he wouldn't have multiple bags. So this jury never hears any of this. The only thing they know about Mr. Harrah is that at one time he got a motorcycle for Paracy and at one time he got a traffic ticket and happens to be in a duffel bag. And the government claims, they even call an expert witness, this Sergeant Morgan, to testify, well, these are just shenanigans on Crawford's part to exonerate himself. I think the jury would have had a completely different perspective on this case had they known, in fact, Mr. Harrah was living there. In fact, Mr. Harrah had drugs on other occasions. So the fact that there may be, excuse me, Your Honor, that there may be substantial evidence of constructive possession does not mean this jury would have reached that conclusion had they had a full and complete story. Unless the Court has other questions, I'll reserve the remainder of my time. Ms. Critchfield. Good morning. Pam Critchfield for the Respondent, Matthew Kramer. The first point that I would like to make is that, or that we would like to make, is that the declarations by the potential witnesses and the declaration by trial counsel do not support a failure to investigate Cline. The trial counsel says in his concluding paragraph in his declaration, at the time of trial, I was aware of no person other than Mark Crawford, whose testimony would advance defense theory that the drugs with whose possession Mr. Crawford was charged did not belong to Mr. Crawford. The obvious or logical conclusion from that is that Mr. Crawford spoke to the potential witnesses and decided not to call them because they would not be beneficial to his client's case. So the government does not concede or agree that there is a deficiency prong problem in this case. Beyond that, as far as the prejudice prong is concerned, what Petitioner is arguing is that the jury would have basically not followed the instructions on constructive possession. The evidence that Mr. Herra was a drug user, I don't believe, we don't believe would have raised or constitutes a reasonable probability that the results of this proceeding would have been different. The fact is he's in an 800-square-foot apartment, and there is a lot of other evidence of drug dealing that is directly tied to him in that apartment. So the fact that there is a duffel bag under the stairs, that he would somehow not have any kind of access to, even if it belonged to Mr. Herra, which we do not concede it did, is just go against the instructions, would go against common sense and the rest of the evidence in the case. I would submit it if there are no further questions at this point. I don't think there are any. Okay. Thank you. Mr. Schlager. With respect to the government's point that somehow trial counsel's declaration should be taken at face value without an evidentiary hearing, it's contrary to a mountain of authority. The U.S. Supreme Court says that an appellate court cannot just take a declaration at face value if there's been no opportunity to test the truth or falsity of that declaration. It's also inconsistent with a recent opinion from this Court, Lewis v. Maul, which says basically when there's an allegation of ineffective assistance of counsel, you cannot take what counsel says at face value. Obviously, you have to look at the full and complete record. So I'd submit at the very least my client's entitled to an evidentiary hearing in a district court. I hate to beat a dead horse and go over the same point I made earlier, but it is simply not correct to say, as the government seems to assert, that as a matter of law, Mr. Crawford is somehow guilty of constructively possessing these drugs because they are found in his house. Under that standard, any time you invite a guest to stay in your house, somehow you were now guilty of possessing that which they possess, and that's simply not correct. It gives kind of a ridiculous hypothetical that let's assume Your Honors go in the conference room to discuss these cases, and we know that one of you likes to drink coffee. So the police come in and they see a cup of coffee there, and they say, aha, this person likes to drink coffee. It must be that particular judge's. But what they don't know is that all three judges like to drink coffee. So if the police know the full and complete story, that cup of coffee could belong to any one of the three judges, not this particular judge. It's basically what the government wants to say here, is that the jury knew nothing about Mr. Harra, so the drugs are in Mr. Crawford's house. Aha, Mr. Crawford is guilty. Well, if the jury had known all of these facts about Mr. Harra, I think they undoubtedly would have had a reasonable doubt as to whether Mr. Crawford had these drugs. And again, I hate to be redundant, but in the duffel bag, we find all of the indicia of a drug dealer. We have a scale. We have baggies. We have cut. Why would these drugs belong to Mr. Crawford? Why would he have two separate sets of all the items necessary for dealing drugs? It's completely unreasonable. The reason it's unreasonable is because Mr. Harra is the one who possessed the duffel bag, who owned the drugs, who owned the scale, who owned the cut, who owned the baggies. The government itself catches Mr. Harra driving in his motor vehicle with two or three baggies of methamphetamine, which to me is a clear indicia that this gentleman is involved in drug dealing. And if the jury had heard this information, I think they would have had a reasonable doubt as to whether he possessed the drugs or as to whether Mr. Crawford possessed the drugs. Unless there are questions, I'll submit the matter. Okay. If not, thank you, counsel. The matter just argued will be submitted. And the Court will stand at recess for the day. Thank you. Thank you.
judges: Ferguson, Noonan, Rymer